UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| DN REAL ESTATE SERVICES | : | CASE NO. 17-55587 - PMB |
| & ACQUISITIONS, LLC | : | |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO
THE APPLICATION FOR CHAPTER 11 ACCOUNTING FEES**

COMES NOW the United States Trustee, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and objects as follows to the "Application for Chapter 11 Accounting Fees from March 28, 2017 through June 26, 2018" (the "Application") (Doc. No. 131) filed by Smith and Shin, PC (the "Accountants") on June 26, 2018.

1. DN Real Estate Services & Acquisitions, LLC (the "Debtor") commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code March 28, 2017 (the "Petition Date").

2. In the Application, the Accountants seek compensation in the amount of $2,250.00 for services rendered in connection with the case from March 28, 2017 through June 26, 2018.

3. Debtor filed its application to employ the Accountants on June 7, 2017 (the "Application to Employ") (Doc. No. 20).  The Application to Employ did not seek approval of the Accountants employment *nunc pro tunc* to a date prior to the date of the Application to Employ.

4. According to the Application to Employ, Debtor required the Accountants to prepare monthly operating reports and pay monthly invoices.  Debtor has not supplemented the Application to Employ or disclosed the need for the Accountants to render additional services.

5. On June 8, 2017, the Court entered an order approving the employment of the Accountants on the terms disclosed in the Application to Employ (the "Order Approving Employment") (Doc. No. 21). The Order Approving Employment also stated that compensation and reimbursement for expenses due to the Accountants would "be subject to, and conditioned upon, application to and approval by" the Court.

6. The Court entered an order converting Debtor's case from chapter 11 to chapter 7 of the Bankruptcy Code on May 31, 2018.

7. The chapter 7 trustee has not sought, and the Court has not approved, the continued employment of Accountants by the chapter 7 estate.

8. The United States Trustee has reviewed the Application and objects to allowance of the requested fees.

9. Section 330(a) of the Bankruptcy Code states

(1) After notice to the parties in interest and the United States Trustee and a hearing . . . the court may award to . . . a professional person employed under section 327 . . . –
    (A) reasonable compensation for actual, necessary services rendered by the . . . professional person . . . and by any paraprofessional person employed by any such person; and
    (B) reimbursement for actual, necessary expenses.

(3) In determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
    (A) the time spent on such services;
    (B) the rates charged for such services;
    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed . . .

10. In order to receive compensation as an administrative expense under section 330 a professional person must be employed under section 327 – the professional person must file an appropriate application with the Court, and the Court must enter an order approving that application.

11. As a result, Accountants are entitled to compensation from June 8, 2017 (the date of the Application to Employ) through May 31, 2018 (the date the Court converted this case to chapter 7).

12. The invoice attached to the Application lacks sufficient detail to allow the United States Trustee to determine what, if any, of the included services were rendered during the period of time when the Accountants' employment was authorized.

13. As professionals, Accountants are entitled to compensation only for services which were disclosed in the Application for Employment. Accountants billed the bankruptcy estate $2,250.00 for "2017 Tax return preparation fee." This service was not contemplated by the Application for Employment.

14. Furthermore, Accountants failed to provide detailed time records which the United States Trustee can review to determine whether the services rendered were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

15. In the Application, Debtor disclosed that it paid Accountants $2,250.00 from its debtor-in-possession bank account on May 15, 2018, and after this payment, Debtor has no outstanding balance due to Accountants.

16. According to records provided to the United States Trustee by Debtor, on June 20, 2018, Debtor paid Accountants an additional $650.00.

17. Neither Debtor nor the Accountants have explained what services were rendered in consideration for the $650.00 payment.

WHEREFORE, the United States Trustee (i) objects to approval of the Application, (ii) requests an accounting of all funds paid by Debtor to Accountants, (iii) requests the Court enter an order requiring Accountants to return all funds received from Debtor; and (iv) requests to be heard at any hearing on this matter.

        DANIEL M. MCDERMOTT
        UNITED STATES TRUSTEE
        REGION 21

        By: _____/s/_____
        Lindsay P. S. Kolba
        Georgia Bar No. 541621
        United States Department of Justice
        Office of the United States Trustee
        362 Richard Russell Building
        75 Ted Turner Drive, SW
        Atlanta, Georgia 30303
        (404) 331-4437
        lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on July 25, 2018, I caused a copy of the United States Trustee's Objection to the Application for Chapter 11 Accounting Fees to be sent by First Class United States Mail, with adequate postage to ensure to delivery to:

DN Real Estate Services & Acquisitions, LLC
2020 Howell Mill Rd
Suite D - 199
Atlanta, GA 30318

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III – Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Michael J. Bargar
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363

Smith & Shin CPAs, LLC
4501 Old Spartanburg Road
Suite 15
Taylors, SC 29687

                                      */s/*
                           Lindsay P. S. Kolba
                           Trial Attorney